# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ERIC JONES, : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:17-0811 |
| v. : | |
| : | (Judge Mannion) |
| UNITED STATES OF AMERICA, : | |
| Respondent : | |

## MEMORANDUM

Petitioner, George Eric Jones, an inmate formerly confined in the Schuylkill Federal Correctional Institution, ("SCI-Schuylkill"), Minersville, Pennsylvania[1], filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a sentence imposed by the United States District Court for the Middle District of Pennsylvania. Id. Specifically, he argues that his sentence as an career offender with two prior convictions for drug trafficking no longer qualify as "serious drug offenses" under the Sentencing Guidelines. Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

---

[1]Petitioner is currently housed in a Philadelphia Residential Reentry Management Center. See https://www.bop.gov/inmateloc/.

**I.      Background**

On January 27, 2009, a confidential informant working with local law enforcement agency purchased $40.00 worth of crack cocaine from Jones. See United States v. Jones, MD Pa. Docket No. 1:09-CR-00183-JMM. They met at an intersection in Harrisburg, Pennsylvania. Id.

On March 16, 2009, a second confidential informant, working with local law enforcement, again made arrangements with Jones to purchase crack cocaine. Id. Jones drove to the location in the same silver Lexus he previously used, and he delivered $60.00 worth of crack cocaine to the informant. Id.

On March 19, 2009, local law enforcement officers obtained a search warrant for the silver Lexus and Jones. Id. They observed the car parked in Harrisburg. Id. When Jones arrived at the car, the officers executed the warrant on Jones and the car. Id. In the silver Lexus, they recovered over 100 baggies of crack cocaine (total weight of 28.2 grams), unused baggies, a digital scale, marijuana, and a police scanner. Id.

A grand jury issued a one count indictment, charging Jones with distribution and possession with intent to distribute five grams and more of cocaine base. Id. Pursuant to a written guilty plea agreement, Jones entered a guilty plea to a superseding information alleging that Jones distributed an

unspecified amount of cocaine base in violation of Title 21, United States Code, Section 841(a). Id. A presentence report found that Jones was a career offender and faced a sentencing guideline range of 151 to 188 months. Id. Specifically, the report found that at the time Jones committed the present offense he was eighteen years of age, and he had two qualifying "serious drug offenses." Id. The first conviction arose from a July 12, 1999, arrest where Jones sold $20.00 worth of crack cocaine to a confidential informant. Id. According to the presentence report and the Pennsylvania Unified Criminal Justice Docket, Jones was convicted and sentenced for Delivery of a Controlled Substance, 35 P.S. §780-113(a)(30); Possession with Intent to Deliver Cocaine, 35 P.S. §780-113(a)(30); and Criminal Conspiracy, 18 Pa. C.S. §903. Id.

The second conviction arose from an August 1, 2000, incident where police arrested Jones in a bar on outstanding arrest warrants. Id. During a search incident to arrest, officers found 33 bags of crack cocaine on him. Id. According to the presentence report and the Pennsylvania Unified Criminal Justice Docket, Jones was convicted of Possession with Intent to Manufacture or Deliver Crack Cocaine, 35 P.S. §780-113(a)(30). Id.

On March 29, 2011, at sentencing, the defense did not challenge

3

Jones's career offender designation, rather the defense sought a departure from the career offender guidelines claiming it over-represented his prior criminal history. Id. After due consideration, the district court denied the motions for downward departure. Id. The court imposed a sentence of 151 months, a sentence at the bottom of the sentencing guideline range. Id.

Jones appealed his judgment of sentence alleging that the court's sentence was procedurally and substantively unreasonable. See United States v. Jones, 476 Fed. Appx. 484 (3d Cir. 2011). He did not challenge his status as a career offender. Id. On December 5, 2011, the Third Circuit affirmed the district court's judgment of sentence. Id. Jones sought an *en banc* rehearing which was denied. Id. He also filed a motion for certiorari with the United States Supreme Court, which was denied on May 14, 2012. Jones v. United States, 566 U.S. 1002 (2012).

On August 2, 2013, Jones filed a Motion to Vacate under 28 U.S.C. §2255 seeking relief from his career offender guideline sentence. See United States v. Jones, MD Pa. Docket No. 1:09-CR-00183-JMM. Specifically, he alleged, among other claims, that his "very first felony in the state was too small of an amount to be used against me later for the career offender guidelines when it was less than a gram of crack cocaine involved in that

case." Id.

By Memorandum and Order dated November 18, 2013, the petition was dismissed as untimely. Id.

On April 25, 2014, Jones filed another request for relief, which the Court deemed a §2255 motion. Id. By Memorandum and Order dated April 5, 2014, the Court dismissed the petition for Jones' failure to obtain a certificate of appealability from the Third Circuit. Doc. Id.

On May 9, 2017, Jones filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he seeks a four point reduction in his sentence, alleging application of the 3B1.1 enhancement constituted an unconstitutional sentence. (See Doc. 1, petition).

## II. DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court

5

> which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d

Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

Most notably, however, is that sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. In Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of

conviction no longer criminal. Dorsainvil, 119 F.3d at 251–52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi); Rodriguez v. Warden Lewisburg USP, Nos. 15–3555, 15–3570, 2016 WL 1127869, at *2 (3d Cir. Mar. 23, 2016) (refusing to extend Dorsainvil exception to sentencing challenge under Alleyne v. United States, 133 S.Ct. 2151 (2013)).

In the instant action, Petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, Petitioner challenges the basis for his sentencing enhancement under the career offender guidelines, pursuant to United States v. Mathis, 136 S.Ct. 2243 (2016). He does not challenge his guilt on the underlying offense.

The Third Circuit, however, has refused to extend the safety valve to challenges to career offender sentencing guidelines. Scott v. Shartle, 574 Fed.Appx. 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his

8

career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under §2241"); United States v. Brown, 456 Fed.Appx. 79, 81 (3d Cir. 2012) ("We have held that §2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender"); McIntosh v. Shartle, 526 Fed.Appx. 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under §2241.")

Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available. See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction). Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition

9

pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

Moreover, Jones does not state that he has requested permission from the United States District Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Jones would be granted permission by the Court of Appeals to file a successive §2255 motion, if appropriate. Thus, the Court will dismiss Jones' petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice to any right Petitioner may have to seek leave to file a second or successive §2255 motion.

## III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Petitioner will be **DISMISSED** for lack of jurisdiction. An appropriate order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 29, 2019**
17-0811-01

10